(65 Misc. Rep. 390.)

### NATIONAL PARK BANK v. KOEHLER.

(Supreme Court, Trial Term, New York County. December, 1909.)

1. PRINCIPAL AND SURETY (§ 104*)—DISCHARGE OF SURETY—EXTENSION OF TIME OF PAYMENT.

Where a creditor, granting an extension of time for payment by agreement with the principal debtor, reserved his rights against the surety, the surety is not discharged, unless his rights have been affected by the extension.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 186; Dec. Dig. § 104.*]

2. BILLS AND NOTES (§ 301*)—DISCHARGE OF INDORSER—EXTENSION OF TIME OF PAYMENT.

Before maturity of a corporation's note, indorsed by defendant, the maker gave the payee a series of notes for payment of the debt in installments; the payee agreeing to hold the old note as collateral until the new notes were paid. The old note, when due, was protested, and charged to the maker's account, though the payee retained it, and the new notes were discounted and credited to the maker. *Held,* that the rights of the indorser were not prejudiced by the arrangement; and, some of the new notes not being paid, the payee could hold the indorser on the old note for the balance due thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 707–711; Dec. Dig. § 301.*]

Action by the National Park Bank against Otto Koehler. Judgment for plaintiff.

Louis F. Doyle, for plaintiff.
Oscar B. Bergstrom, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BLANCHARD, J. The action is brought against the defendant as the indorser of a promissory note made by the Para Recovery Company to the order of the plaintiff. The Para Company was a new concern, and opened an account with the plaintiff bank, and some time thereafter obtained a loan of $20,000 from the plaintiff, giving its note therefor, indorsed by the defendant. When the note became due the Para Company paid the plaintiff $5,000 in cash and gave a new note for $15,000, which was also indorsed by the defendant. At the time of these indorsements the defendant was a large stockholder in the Para Company and one of its directors. Some time before the maturity of the note the Para Company proposed, in a letter to the plaintiff, that the $15,000 be paid in installments of $500 each week for 8 weeks and $1,000 each week for 11 weeks, and that new notes be given therefor. In reply the plaintiff acceded to this proposal, and suggested that the new notes be dated July 22d, the date of the maturity of the old note, and that they be indorsed by the defendant. In answer to this letter, on the 17th of July the Para Company wrote the plaintiff that the defendant was absent, and that probably he would remain away for 2 or 3 months, and that his indorsement could not be secured, but that the president of the company and another director had indorsed notes which were inclosed. The plaintiff returned the notes at once, suggesting certain changes in the form thereof, and insisting upon the defendant's indorsement of them. On July 19th, in reply, the Para Company again sent the notes, together with a letter, to the plaintiff, which contained the following:

"In the meantime we can only assure you that we will pay the notes as they fall due, and we suggest that you hold the old note, with Mr. Koehler's indorsement, as collateral until the new notes are paid as a way out of the difficulty."

The plaintiff kept the notes; and, at the maturity of the old note, on July 22d, it was charged to the account of the Para Company, and the new notes were discounted and credited to it. The two transactions resulted in an overdraft of $231.95. The old note was duly protested on July 22d and remained in the possession of the plaintiff. Nine of the new notes were paid, eight for $500 each and one for $1,000, as they became due. The remaining ten $1,000 notes were not paid, and the plaintiff has brought this action against the indorser of the old note to recover $10,000, the balance remaining unpaid of the original indebtedness. At the close of the trial both sides asked for the direction of a verdict.

It is a familiar rule of law that a binding extension of time, given to a debtor by the creditor without the consent of the surety, releases the surety. This rule, like many other rules, is not without exception; and it has been held in a variety of cases that if, at the time of the granting of the extension, the creditor reserves his rights against the surety, the surety is not discharged. The basis of this exception is that the extension is conditional upon the approval of the surety, who may, if he does not approve, pay the debt and proceed immediately against the debtor. Where such reservation is made by the creditor in an agreement with the principal debtor for an extension, the surety is not re-

121 N.Y.S.—41

lieved unless his rights as a surety have been affected by the extension. In Spies v. National City Bank, 68 App. Div. 70, 78, 74 N. Y. Supp. 64, 70, Mr. Justice Ingraham, writing for the court, says:

"The law of the state of New York is that any act by the creditor which discharges the debtor, so that the surety cannot have recourse against the debtor if he paid the debt, or any act of the creditor which puts it out of his power to comply with his obligation to give to the surety all securities or remedies that he has against the debtor for the payment of the debt, discharges the surety."

This case was affirmed in 174 N. Y. 222, 66 N. E. 736, 61 L. R. A. 193.

The undisputed facts in this case bring it within the scope of the rule just stated. The correspondence between the Para Company and the plaintiff leaves no doubt as to their understanding of the arrangement that was made. The plaintiff insisted upon security of the defendant; and the Para Company proposed, in its letter of July 22d, that the plaintiff retain the old note as collateral security for the new ones, which the plaintiff did. No right of the defendant was prejudiced thereby. He had actual or constructive notice that the note which he had indorsed had been protested for nonpayment. He might have paid it any time thereafter and demanded all the securities held by the plaintiff for the payment of the debt. Morgan v. Smith, 70 N. Y. 537. The arrangement between the plaintiff and the principal debtor did not restrain the defendant, whatever its effect might have been between themselves. There was nothing in the arrangement between the principals which prevented the defendant from paying the note to the plaintiff, and investing himself with the other notes, and proceeding forthwith against the Para Company, if he desired to do so. All he then had to do was to surrender the new notes and collect from his principal the amount he had paid on his indorsement. The Para Company could not successfully resist his action, because it was a party to the arrangement with the plaintiff, and even suggested it in the letter hereinbefore mentioned. Its own letter was conclusive against it.

I have examined with much care all the cases which the learned and able counsel for the defendant has brought to my attention, and other cases as well, and I have found nothing in conflict with the views herein expressed. He cites Dorlon v. Christie, 39 Barb. 610, and contends that it is decisive against the plaintiff here; and yet, strong as it is, that case clearly recognizes the exception we have discussed. At page 613 the court says, regarding the surety:

"Nor will he be discharged if the contract reserves all the rights of the creditor against the surety."

And again, at page 615, the court says:

"The absence of a stipulation providing that the arrangement should not prejudice the holder's claim against the drawer and indorser, nor prevent a suit if ordered by the indorser, is a very strong circumstance to show that Dorlon meant to waive his rights in this respect, if it is not conclusive."

Dorlon v. Christie is cited in Shipman v. Kelley, 9 App. Div. 322, 41 N. Y. Supp. 328, a much more recent case, in support of the rule and the qualification mentioned.

Judgment for the plaintiff is directed in the sum of $10,000, with interest thereon, besides costs.

Judgment for plaintiff, with costs.